Arthur Norman Etienne v. Commissioner.
Etienne v. Commissioner
Docket No. 68710.
United States Tax Court
T.C. Memo 1959-170; 1959 Tax Ct. Memo LEXIS 79; 18 T.C.M. (CCH) 740; T.C.M. (RIA) 59170; August 28, 1959
*79 Held: Petitioner did not provide more than one-half the support of either of his two children during the year 1955 and is not entitled to deduct a dependency exemption for either of them for that year. Arthur Norman Etienne, 2405 Cleveland, Everett, Wash., pro se. Norman H. McNeil, Esq., for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1955 in the amount of $264. The sole issue is whether petitioner furnished over half of the support of each of his two minor children so as to entitle him to deduct *80 an exemption for each child as a dependent. Findings of Fact Some of the facts are stipulated and are hereby found as stipulated. Petitioner, Arthur Norman Etienne, residing at 2405 Cleveland, Everett, Washington, filed an individual income tax return for the calendar year 1955 with the district director of internal revenue at Tacoma, Washington. Petitioner reported an adjusted gross income of $4,238.54 and claimed on his return two dependency exemptions for his two children, Donna and Diane, age 13 and 10, respectively. The children during 1955 regularly resided at Seattle, Washington, with their mother, June M. Etienne. In 1952, petitioner and June M. Etienne were divorced, and by the decree of divorce June was awarded custody of the children, subject to the right of petitioner to have the children 1 month during the summer and at least 1 weekend per month throughout the year. The final decree of divorce also required petitioner to pay his former wife $75 per month for the support of his children, $37.50 for each child, except for the month that the children were with petitioner. Pursuant to the divorce decree, petitioner in 1955 forwarded to June 11 checks in the amount *81 of $75 each for the support of the children, totaling $412.50 for each child. During the year both children spent the greater part of August and approximately 8 weekends with their father in Everett. In the course of the approximately 1 1/2-month total period during which the children stayed with petitioner, he expended on clothing, allowances, gifts and miscellaneous items for Diane, $48, and for Donna, $59. Retaining a woman to care for the children for 2 weeks in August while he was out of town involved another $60, $30 for each child. In addition, a maximum of $100 was attributable to each child as their proportionate share of petitioner's household and general expenditures. The total support furnished by petitioner, including the cumulative monthly payments of $412.50 for each child, was $590.50 for Diane and $601.50 for Donna. The expenditures for support of the children made by June during 1955 (before reduction in the amount of $825 paid to her by petitioner and allowed to him) are made up of the following items: Specific Expenditures: Amounts
Item
Diane
Donna
Clothing
$ 70.00
$ 100.00
Shoes
30.00
30.00
Recreation
60.00
80.00
Trips to Everett (8 at $3)
12.00
12.00
Permanents
10.00
15.00
School lunch, supplies
40.00
50.00
Toiletries
25.00
35.00
Medical expense
20.00
Prescriptions, drugs
15.00
35.00
Dental expense
15.00
Church offering
10.00
10.00
Dry cleaning; laundry
20.00
25.00
Child care
12.50
12.50
Doll and typewriter
20.00
25.00
Totals
$ 324.50
$ 464.50
General Household Expenditures to Be Apportioned
1/3 to Each Child: Rent (11 months at $55, less 11/12 of $12 rental
income)
$ 594.00
Coal heat (7 months at 1 ton per month at $23.45)
164.15
Furnace repair
10.00
Telephone (11 months at $6)
66.00
Food (48 weeks at $30)
1,440.00
Electricity (11 months at $8)
88.00
Cleaning
18.00
$2,380.15
1/3 share per child
793.38
793.38
Grand Totals
$1,117.88
$1,257.88
*82 Reducing the total amounts expended by June by the $412.50 paid to her by petitioner for each child, the net support furnished out of June's funds was $705.38 for Diane and $845.38 for Donna. June was employed during the year 1955 and grossed from her employment $3,373.74. With the $825 received from Arthur for the support of the children, her total income for the year amounted to $4,198.74. The total amounts provided for the support of petitioner's two children in 1955 were $1,295.88 for Diane and $1,446.88 for Donna. Petitioner did not furnish more than one-half of the support of either of his two children for the year 1955. Opinion In order to sustain his dependency exemptions in 1955 for his two children under sections 151 and 152, I.R.C. 1954, [1] it was incumbent upon petitioner to prove that he furnished over one-half of the total support of each of them for the year. *83 The sole question in this case is one of fact. The only two witnesses were petitioner, who appeared pro se, and his former wife, who testified as a witness for respondent. The one fact about where there appears to be no question is that the children derived their entire support from their divorced parents. We fully appreciate the difficulty of precisely recounting the various amounts expended on behalf of a child during the course of a year and the task of petitioner in establishing the aggregate cost of support, particularly in circumstances such as these where the children are living away from him with their divorced mother. Nevertheless, petitioner has, we feel, fallen far short of sustaining his burden. Furthermore, the evidence as a whole indicates that the mother of the children furnished over half of the support from funds other than those received from petitioner. Petitioner's approach was twofold: First, he submitted an estimate of his own expenditures on behalf of the children during the course of the year, and then he attacked the figures that the mother had claimed to have incurred in supporting the children. In support of his own expenditures, petitioner produced *84 two cash register receipts he claimed to be for the purchase of shoes and clothing in the amount of $8.83, [2] and another receipt for $60 that he had paid a woman to take care of his two children during his absence for 2 weeks in August 1955. He then testified that he had paid a total for gifts and miscellaneous items (including the $8.83 above) $48of for Diane and $59 for Donna. Although petitioner did not attempt to explain or itemize these figures, other than to submit the receipts mentioned, we have accepted them as being reasonable. In addition to the foregoing items, petitioner proffered as a lump sum the figures of $266.26 for Diane and $139.26 for Donna as their proportionate share of his "cost of living" expenses. From what we can gather from his vague and generalized assertions, the term and the figures are intended to comprehend household and other general expenditures, including rent, heat, electricity, food, and automobile expenses, among others - i.e., "overhead" items. In contrast to his former wife's itemization and detail, however, petitioner made no *85 attempt to break these figures down or to explain their derivation or the method by which he arrived at the children's allocate share of these expenses. In view of the fact that the gross incomes of both petitioner and his former wife are almost equal in amounts, and in view of petitioner's attack on the figures that his wife had claimed as the children's share of the household expenditures for 11 months ($855.13 each), in the absence of any substantiation we find it impossible to accept petitioner's figures of $266.26 and $139.26 as the children's share of his expenditures for the month or month and a half that they resided with him. Applying the principles of Cohan v. Commissioner, 39 Fed. (2d) 540 (C.A. 2), we have allocated $100 for each child's share of his general expenses. We believe this amount is generous under the circumstances. In contrast to a large part of Arthur's testimony, June's testimony, while admittedly based to a large extent on estimates, was clear and detailed. Petitioner did not dispute any of the specific items on her list except the following, which he suggested were too high: Her estimates for clothing expenditures, permanents for the children's *86 hair, school lunches, a doll for Diane, and a typewriter for Donna. We have accepted the undisputed specific items on her list and, in regard to the disputed items, we have again applied the Cohan principle and have found the figures indicated in our findings of fact, which are somewhere between the amounts suggested by June and by Arthur. However, acceptance of petitioner's proffered figures would not change the result we reach. Petitioner also took issue with his former wife's itemization of her household expenditures. His arguments here, on items most of which could have been factually checked (e.g., rent, telephone, coal), were based only on speculation and conflicted with her unequivocal and detailed assertions. And in regard to these expenditures, petitioner did not suggest alternative figures (except for food) or bases for computation. We accept as credible and reasonable June's testimony, which is the only evidence in the record directed to her expenditures on behalf of the household, one-third of which is attributable to each child, and our findings so reflect. Where appropriate, however, we have adjusted her figures to reflect 11 months, rather than the full year; also, *87 in place of 12 months, we used 7 months as a more reasonable basis for computing coal consumption. On the record before us, we find that of the total support furnished Diane and Donna in 1955, petitioner's contribution thereto did not equal or exceed one-half for either child, and as a result, he is not entitled to dependency exemptions with respect to either of his children. Decision will be entered for the respondent. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * *
(e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * *
SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer):↩
2. The two receipts totaled $11.23 of which petitioner seemed to be claiming $8.83 as spent for the children.↩